IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:05-cv-01857-ZLW-MEH

JULIE A. ROYCE,

      Plaintiff,

vs.

QWEST SERVICES CORPORATION,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

This Order is entered pursuant to F.R.C.P. 26(c) and by the stipulation and agreement of the parties hereto, as acknowledged by the signatures of their respective counsel below.

**IT IS HEREBY ORDERED:**

1.    For purposes of this Order, the following terms shall have the following meanings:

    a.    "Documents" shall have that definition as described in Fed. R. Civ. P. 34 and shall include (1) all written, printed, recorded, taped, digitally encoded, graphic, photographic, or other information whatsoever; and (2) all copies, reproductions, summaries, translations and drafts thereof, including all copies bearing notations and marks not found on the original.

    b.    "Discovery material" shall mean (1) all documents produced in this

action by any party or nonparty, whether pursuant to formal discovery or by agreement; (2) transcripts of any depositions taken in this action; (3) interrogatory answers served in this action; and (4) requests to admit and responses thereto served in this action.

c. "Disclose" shall mean to show, give, make available, reproduce, excerpt, summarize or otherwise reveal the contents of any documents or discovery materials or any part thereof.

d. "Producing party" shall mean any person (including third parties not named in this action), who produces Discovery Material in this case.

e. "Confidential information" shall mean information which is confidential or proprietary in nature, such as, but not limited to, trade secrets, research and development, customer lists or other commercial information that has been kept confidential by the producing party, as well as any information that implicates a common law or statutory privacy interest such as personal identifying information or any other information that is otherwise entitled to protection under Fed.R.Civ.P. 26(c)(7).

2. Any producing party who believes that any discovery material produced in this action contains or discloses confidential information must have such discovery material reviewed by a lawyer. If said lawyer, based on a good faith belief that the information sought to be protected is confidential information or otherwise entitled to protection pursuant to Fed. R. Civ. P. 26(c)(7), deems the materials to be or contain confidential information, the

producing party may designate and mark any such material as "confidential".

3.     Any discovery material, which is designated "confidential" by a producing party ("confidential discovery material"), shall be treated as confidential in accordance with the terms of this Order.

4.     All confidential discovery material shall be used solely for the prosecution or defense of the above-titled action.

5.     Any producing party designating any document produced in this action as confidential, in accordance with paragraph 3 above, may do so by stamping "Confidential" in a size and location which make the designation readily apparent on every page of the document that is designated as confidential.

6.     Any party designating any deposition testimony in this action as "confidential", in accordance with paragraph 3 above, may do so by advising the reporter and opposing counsel of its desire to designate the entire transcript, or any portion thereof, as "confidential."

    a.     The designation may be made during the deposition. The designation must be made no later than the time allowed for signature of the transcript, or when signature is waived, within the (10) days after receipt of the transcript by designating party.

    b.     The reporter shall mark the face of the designated transcript, or the designated portions of the transcript, accordingly. If less than an entire transcript is designated as confidential, those portions so designated

3

shall be printed on separate, appropriately marked pages and separately bound.

c.     If any designated deposition is to be filed, the designating party, or its reporter, shall file the transcript under seal with the Court, and simultaneously file a Motion to Seal with the Court seeking protection in accordance with the requirements of D.C.Colo.LCivR 7.2 and 7.3.

d.     Until the time allowed for designation has expired, all depositions shall be deemed confidential in their entirety, but thereafter only if and to the extent a party has made a timely designation of confidentiality.

7.     Any party may object to the designation of particular confidential information by giving written notice to the producing party. The written notice shall identify the information to which the objection is made and the basis for the objection. If the parties cannot resolve the objection within ten (10) business days of receiving notice of the designation, it shall become the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective

Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

8.  Confidential discovery material may be referred to in responses to interrogatories and requests for admissions, and may be used or disclosed at or in depositions and marked as deposition exhibits in this action. However, no confidential discovery material shall be used for any of these purposes unless it is appropriately marked as confidential.

9.  Confidential discovery material may be disclosed in or as a part of motions, briefs or other papers filed with the Court (collectively "Papers"). Confidential discovery material also may be used or disclosed at or in any hearing before the Court and marked as exhibits.  However, if any confidential discovery material is filed with the Court, or appended to, or disclosed in any appearance before the Court, then the portion of the Paper that discloses the contents of the confidential discovery material, and any discovery material appended thereto, must be filed in a sealed envelope, marked on the outside with the caption of this action and the following statement:  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER". Simultaneously, a Motion to Seal must be filed seeking protection in accordance with the requirements of D.C.Colo.LCivR 7.2 and 7.3.

10.  Except with the prior written consent of the producing party, or as otherwise set forth herein, no confidential discovery material may be

disclosed to any person other than:

a.    The named parties to this proceeding;

b.    The Court (with the legend required by paragraph 9, or, if presented orally, with due indication of the status as confidential discovery material);

c.    Counsel of record in this action and in-house counsel who are actively engaged in the preparation of this action;

d.    Employees of counsel of record in this action and in-house counsel who are actively engaged in the preparation of this action, including secretaries, law clerks, paralegal assistants, and clerical personnel who are actively engaged in assisting counsel in preparation of this action;

e.    Outside vendors, such as photocopy vendors, who are assisting counsel in preparation of this action, but only to the extent necessary to perform their function and only if in accordance with Paragraph 11 below;

f.    Court reporters employed in this litigation;

g.    Deponents during the course of a deposition, but only if in accordance with Paragraph 11 below; and

h.    Any witnesses, but only if in accordance with Paragraph 11 below. Counsel who receive any confidential discovery material shall be responsible for informing other members of their office of their obligations under this Order and for assuring that access to the confidential discovery material is limited in accordance with the terms

6

of this Order.

11.     Disclosure of confidential discovery material shall be made to the persons listed in paragraphs 10(e) and 10(g)-(h) only on the following terms and conditions;

    (i) Before making disclosure to any such person, counsel of record for the party making disclosure shall provide each such person with a copy of this Order, shall advise him or her that he or she is bound by it, and shall obtain a signed copy of the confidentiality agreement attached hereto as Exhibit A ("confidentiality agreement") from each such person; and

    (ii) Counsel for the party making disclosure shall be responsible for maintaining copies of the confidentiality agreements signed by all persons to whom that party has made disclosure.

12.     Neither the provisions of this Order nor the filing of any confidential discovery material under seal shall prevent the use in proceedings before the Court, at any hearing or at trial of this action, of any discovery material that is subject to this Order. Any party desiring that hearings be held *in camera* or that the trial or any portion thereof be closed to the public, must make a separate motion therefore.

13.     Any use of confidential discovery material or the information contained therein for any other purpose and/or any disclosure of any confidential discovery material or the information contained therein to third parties that is not in compliance with the terms and conditions set forth in paragraphs

8 through 11 above, shall constitute a violation of the terms of this Order.

14.    Nothing in this Order shall be construed to preclude a party from seeking additional protection of confidential information, or from otherwise seeking a modification of this Order.  This Order is without prejudice to the rights of any party or nonparty to seek such additional or other relief relating to discovery as may be appropriate.

15.    This Order may be modified by the Court for good cause shown. The Court shall enter a subsequent order addressing the use of confidential discovery material at a hearing or at the conclusion of this action.

16.    Third parties who are compelled to produce documents or other evidence may do so under this Protective Order by signing an acknowledgment in the form of Exhibit B attached hereto.

17.    Nothing in this Protective Order shall bar or otherwise restrict any counsel for a party from rendering advice to his or her client with respect to the litigation, or from examining any witness, and in the course thereof, relying upon his or her examination of materials designated as confidential, provided that no disclosure of the substance of any such material shall be made except as permitted herein.

18.    This Order shall remain in force and effect and shall continue to be binding on all parties and affected persons after the conclusion of this action.  When this action is concluded, all confidential discovery material and all copies thereof (other than exhibits of record) shall be returned to the producing party or destroyed, within 30 days of the conclusion of this

action.  All parties to this action shall certify in writing to all other parties that they have complied with the terms of this paragraph within forty-five (45) days of the conclusion of this action.

**APPROVED BY THE COURT:** _Michael E. Hegarty_
District Court Magistrate Judge

Dated this _24th_ day of _February_, 2006.

**AGREED TO BY THE PARTIES:**

Dated this 22nd day of February, 2006.

By:  _s/ Curtis L. Kennedy_
Curtis L. Kennedy, Esq.
8405 East Princeton Avenue
Denver, CO 80237-1741
Telephone:  303-770-0440
Facsimile:  303-843-0360
Email: CurtisLKennedy@aol.com
*Attorney for Plaintiff*

Dated this 22nd day of February, 2006.

By:   _s/ Eric M. Bono_
Eric M. Bono
Elizabeth I. Kiovsky
Baird & Kiovsky, LLC.
2036 East 17th Avenue
Denver, CO 80206
Telephone: 303-813-4500
Facsimile: 303-813-4501
Email:  ericb@bairdkiovsky.com
*Attorneys for Defendants*

**EXHIBIT A**

CONFIDENTIALITY AGREEMENT

I, _____, have read the Stipulated
Protective Order entered by the Court in the case titled Royce v. Qwest Corporation, et
al., Civil Action No.  1:05-cv-01857-ZLW-MEH.

I understand and agree to be bound by that Stipulated Protective Order.  I also
understand that, if I violate the provisions of the Stipulated Protective Order, I may be
punished for such violation.  I consent to the jurisdiction of the Court in that case over me
for all matters relating to the enforcement of the Stipulated Protective Order.

Date: _____, 2006.

_____
Signature

_____
Name (Please Print)

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:05-cv-01857-ZLW-MEH

JULIE A. ROYCE,

     Plaintiff,

vs.

QWEST CORPORATION, and
QWEST COMMUNICATIONS INTERNATIONAL, INC.,

     Defendants.

---

**ACKNOWLEDGMENT**

---

In response to a subpoena served in the above action, documents, testimony and

other things deemed confidential (hereinafter "Confidential Information") are being

produced solely for use in that action.  By signing this acknowledgment,

_____, agrees to provide the Confidential Information

subject to the terms of the Stipulated Protective Order entered in that action that will bind

the parties in that action to the same extent that the parties are bound to protect other

discovery material produced.

     Dated: _____, 2006.

     Signed: _____